UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PATRICK MUITHA,            No. 10-12255

     Debtor(s).
_____/

Memorandum on "Motion for Judicial Estoppel"
_____

     Clyde and Lily Vincent are strangers to this court. They are judgment debtors of Chapter 13 debtor Patrick Muitha pursuant to a $522,000.00 state court judgment. They have moved the court "for judicial estoppel" as if it was some sort of right separate from their state court litigation. It is not.

     Judicial estoppel is a doctrine to be applied by the court hearing a dispute, if the facts and the law warrant it. A bankruptcy court has no power to tell a state court to apply the doctrine. The Vincents erroneously rely on *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778 (9th Cir. 2001), as giving them standing and authorizing this court to tell the state court what to do. In *Hamilton*, the underlying case had been removed to federal court so the application of the doctrine was made by the court hearing the dispute.

     Muitha argues that his failure to properly schedule his claim against the Vincents was inadvertent and that he is taking steps to amend his Chapter 13 plan to include any recovery from them. If he is successful in obtaining confirmation of his amended plan, Muitha will have a strong argument that the doctrine of judicial estoppel does not bar his collection of his judgment against the

1

Vincents.  See *Ah Quin v. County of Kauai Department of Transportation,* – F.3d – (9th Cir. 2013). However, this is a matter for the state court to decide, not this court.

    The court will delay entering an order on the motion until Muitha's motion to amend his plan has been heard.

Dated: August 2, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

2